THOMPSON, Judge,
dissenting.
I must respectfully dissent from the majority opinion. The majority states that “[t]he trial court appears to have based its denial of benefits on the ground” that McCoy’s condition was not caused by her employment. 710 So.2d at 1252 (emphasis added). I disagree. Because of its heavy reliance on the testimony of Dr. Kirschberg, I believe the trial court denied benefits because it did not find that, within the terms of the Workers’ Compensation Act, McCoy’s condition was either caused or aggravated by her employment at Wrangler. The trial court relied on the testimony of Dr. Kirschberg, who opined that McCoy’s job did not entail the type of repetitive motion that would cause or exacerbate carpal tunnel syndrome. The trial court also found persuasive Dr. Kirschberg’s testimony that McCoy’s carpal tunnel condition was not caused or aggravated by her employment, but that, temporarily, her symptoms were irritated. The last paragraph of the trial court’s order states:
“The burden of proof on [McCoy] to establish by clear and convincing evidence that her condition was caused by the employment has not been met in this case. The Court, upon weighing the evidence, does not have a firm conviction as to all the essential elements of [McCoy’s] claim nor a high probability as to the correctness of any conclusion which would connect her employment to her condition.”
I would also note that McCoy claims she was injured on March 1,1994. However, she did not begin working for Wrangler until March 7, 1994. She first complained of pain to a supervisor at Wrangler approximately two weeks after she began her employment at Wrangler.
I believe the record contains substantial evidence that supports the decision of the trial court. However, confusion has resulted from the use of the words “irritate” and “aggravate” in the trial court’s order. The aggravation or exacerbation of the underlying condition, rather than its symptoms, is compensable. Therefore, I would recommend remanding this case for a determination of whether the trial court finds that the symptoms of McCoy’s preexisting condition were made worse, or the underlying condition itself was made worse by her employment at Wrangler. This court’s order reversing the trial court’s judgment and ordering the trial court to award benefits presupposes the intent of the trial court in entering its order and improperly substitutes *1254 the judgment of this court for that of the fact-finder.
CRAWLEY, J., concurs.